**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **STEVEN DAVID HADARITS,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-502 (MTT)** |
| | ) | |
| **WILKINSON COUNTY GEORGIA,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

Pro se plaintiff Steven Hadarits filed this suit on November 14, 2025. ECF 1. He had ninety days after that to serve Defendants as required by Federal Rule of Civil Procedure 4(m). After the ninety-day period had elapsed without proof of service, the Court ordered Hadarits to show cause by March 12, 2026, why his claims should not be dismissed for failure to timely serve Defendants. ECF 3. Hadarits failed to respond to the Court's Order. The failure to comply with the Court's orders and instructions is grounds for dismissing this case. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))[1]. Accordingly, Hadarits' complaint (ECF 1) is **DISMISSED** without prejudice.

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

-2-

**SO ORDERED**, this 20th day of March, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT